# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE REDFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| FBL FINANICAL INC., CRAIG D. HILL, | : **SECURITIES EXCHANGE ACT OF 1934** |
| ROGER K. BROOKS, DANIEL D. | : |
| PITCHER, PAUL E. LARSON, SCOTT E. | : |
| VANDERWAL, PAUL A. JUFFER, KEVIN | : |
| D. PAAP, RICHARD W. FELTS, JOE D. | : |
| HEINRICH, and BRIAN L. SEARLE, | : |
| | : |
| Defendants. | : |

Plaintiff, by her attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to herself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On January 11, 2021, FBL Financial Group, Inc. ("FBL Financial" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Farmer Bureau Property & Casualty Insurance Company ("Parent") and 5400 Merger Sub, Inc. ("Merger Sub") (together, "Farm Bureau") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, FBL Financial's stockholders will receive $56.00 per share.

3. On March 17, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of FBL Financial common stock.

9. Defendant FBL Financial is an Iowa corporation. FBL Financial's common stock is traded on the NASDAQ under the ticker symbol "FFG."

10. Defendant Craig D. Hillman ("Hillman") is Chairman of the Board of Directors of FBL Financial (the "Board"). Hillman also serves as a director of Parent.

11. Defendant Roger K. Brooks is a member of the Board.

12. Defendant Daniel D. Pitcher is Chief Executive Officer and a member of the Board.

13. Defendant Paul E. Larson is a member of the Board.

14. Defendant Scott E. VanderWal ("VanderWal") is a member of the Board. VanderWal also serves as a director of Parent.

15. Defendant Paul A. Juffer is a member of the Board.

16. Defendant Joe D. Heinrich ("Heinrich") is a member of the Board. Heinrich also serves as a director of Parent.

17. Defendant Kevin D. Paap ("Paap") is a member of the Board. Paap also serves as a director of Parent.

18. Defendant Richard W. Felts ("Felts") is a member of the Board. Felts also serves as Chairman of Parent.

19. Defendant Bryan L. Searle is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

21. FBL Financial is a holding company.

22. Operating under the consumer brand name Farm Bureau Financial Services, the Company's affiliates offer a broad range of life insurance, annuity, and investment products distributed by multiline exclusive Farm Bureau agents.

23. On January 11, 2021, FBL Financial entered into the Merger Agreement, under which FBL Financial's stockholders will receive $56.00 per share.

24. The press release announcing the Proposed Merger provides as follows:

Farm Bureau Property & Casualty Insurance Company ("FBPCIC") and FBL Financial Group, Inc. (NYSE: FFG) ("FBL Financial Group" or "the Company") today announced that they have reached a definitive agreement under which FBPCIC will acquire all of the outstanding shares of FBL Financial Group Class A and Class B common stock that neither FBPCIC nor the Iowa Farm Bureau Federation ("IFBF") currently own for $56.00 per share in cash. Following the

unanimous recommendation of the Special Committee of the FBL Financial Group, Inc. Board made up of independent and unaffiliated directors, the transaction was unanimously approved by FBL Financial Group's Board of Directors.

The per share purchase price represents a 50% premium to FBL Financial Group's unaffected closing share price of $37.25 on September 3, 2020, and a 19% premium to FBPCIC's initial proposal of $47.00 per share on September 4, 2020, and a 56% premium to the Company's unaffected 90-day volume-weighted average price as measured on September 3, 2020. Based on the agreed price of $56.00 per share for Class A common stock and Class B common stock not owned by FBPCIC or IFBF as of January 8, 2021, the aggregate cash purchase price is approximately $528 million.

In making its recommendation, the Special Committee, with advice from independent financial and legal advisors, conducted a detailed review of FBPCIC's offer. Among other factors, the Special Committee evaluated the offer relative to the Company's standalone prospects, including management's expectation for adjusted operating income of $88 - $92 million in 2020 and its projection for adjusted operating income of $96.9 million in 2021; an appraisal valuation produced by a leading actuarial firm; and taking into consideration feedback received from several minority shareholders.

"The Special Committee's focus has been on maximizing value for FBL Financial Group's unaffiliated shareholders, and this transaction delivers immediate cash value to them at a significant premium," said Paul Larson, Chairman of the Special Committee of the FBL Financial Group Board of Directors. "The agreement announced today follows several rounds of rigorous negotiation during which FBPCIC increased its offer multiple times and agreed the Company should continue to pay its regular quarterly dividend through closing – both of which represent material value increases. Based on the unanimous recommendation of the Special Committee and deep knowledge of the Company, the FBL Financial Group Board unanimously concluded that this transaction is the best way to deliver maximum and certain value to our unaffiliated shareholders. FBPCIC has been a long-term partner of FBL Financial and shares our dedication to protecting the livelihoods and futures of our customers, and we are confident that this transaction is in the best interest of unaffiliated shareholders."

"FBL Financial Group and its affiliated companies make up a superb organization," said Richard Felts, Chairman of the Board of FBPCIC. "We look forward to supporting its future as a private company, and to continue working to grow and strengthen the organization's relationships with its customers and communities."

Additional information about the transaction and its rationale may be found in an Investor Presentation deck that is being filed by FBL Financial Group with the SEC on Form 8-K contemporaneously with this release.

**Approvals**

The transaction is subject to the receipt of regulatory and FBL Financial Group shareholder approval, including approval from a majority of unaffiliated FBL Financial Group shareholders, and the satisfaction of specified closing conditions. Specifically, the terms require approval of (i) a majority of the shares of the outstanding FBL Financial Group Class A common stock and Series B preferred stock, voting together as a single class; (ii) a majority of the outstanding shares of FBL Financial Group Class B common stock; and (iii) a majority of all outstanding FBL Financial Group common stock not owned by FBPCIC and its affiliates, IFBF and its affiliates, or their respective directors and officers. IFBF owns 100% of the shares of outstanding Series B preferred stock of FBL Financial Group and will cause those shares to be voted in favor of the transaction.

**Transaction Details**

Closing is expected in the first half of 2021, subject to the receipt of regulatory and FBL Financial Group shareholder approval and the satisfaction of specified closing conditions. Upon closing, all shareholders of FBL Financial Group other than FBPCIC and IFBF will receive the same per share cash consideration for their shares. IFBF will contribute its FBL common stock to a newly-formed subsidiary of FBPCIC (which will merge with and into FBL Financial Group in the merger, with FBL Financial Group continuing as the surviving corporation) and will retain an ownership stake in the surviving corporation commensurate with its aggregate percentage ownership of Class A and Class B common stock of FBL Financial Group as of immediately prior to the consummation of the transaction. The transaction is not subject to a financing condition.

Upon completion of the transaction, IFBF will continue to be the majority owner of the Company, and FBL Financial Group common stock will cease trading on the New York Stock Exchange.

**Advisors**

Barclays Capital Inc. served as financial advisor to the Special Committee of the Board of Directors of FBL Financial Group, and Sidley Austin LLP as its legal advisor. Milliman was also engaged to provide an independent actuarial appraisal of FBL Financial Group to support the Special Committee's evaluation and negotiation process.

Goldman Sachs & Co. LLC served as financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP served as legal advisor to FBPCIC.

25. On March 17, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

26.     The Proxy fails to disclose material information regarding the financial analyses performed by Barclays Capital Inc. ("Barclays"), FBL Financial's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

27.     The Proxy fails to disclose the following regarding Barclays' Selected Comparable Company Analysis: the individual multiples for the observed companies.

28.     The Proxy fails to disclose the following regarding Barclays' Sum of the Parts Valuation Analysis: (i) the estimated earnings used in the analysis and Barclays' adjustments to the estimated earnings; (ii) the basis for selecting 11.0x-13.0x and 6.0x-7.0x multiple ranges; and (iii) the number of fully diluted shares.

29.     The Proxy fails to disclose the following regarding Barclays' Price / Book vs. ROE Regression analysis: (i) the basis for selecting 1.03x-1.35x multiples; and (ii) the book value excluding AOCI.

30.     The Proxy fails to disclose the following regarding Barclays' Selected Precedent Life Insurance Transaction Analysis: the basis for selecting a range of 1.00x to 1.25x multiples.

31.     The Proxy fails to disclose the following regarding Barclays' Dividend Discount Analysis: (i) the projected dividends; (ii) the terminal values; and (iii) the inputs and assumptions underlying the cost of capital range and perpetuity growth rate.

32.     The Proxy fails to disclose the following regarding Barclays' Appraisal Valuation Bridge Analysis: (i) the topside adjustments for the Company's non-insurance operations; (ii) the

basis for attributing no value to the Company's wealth management segment; and (iii) the holding company net losses.

33. The Proxy fails to disclose the following regarding Barclays' Selected Precedent Buy-in Transaction Analysis: the premiums paid in the observed transactions.

34. The Proxy fails to disclose the following regarding Barclays' Analyst Price Targets analysis: (i) the observed price targets; and (ii) the sources of the price targets.

Financial Projections

35. The Proxy fails to disclose material information regarding FBL Financial's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

36. The Proxy fails to disclose the following for each set of projections: (i) the line items used to calculate operating income; (ii) projected net income; and (iii) projected free cash flows and all line items used to calculate projected free cash flows.

Background of the Proposed Merger and Potential Conflicts of Interest

37. The Proxy fails to disclose material information regarding the background of the Proposed Merger and potential conflicts of interest.

38. The Proxy fails to disclose Milliman, Inc.'s ("Milliman") basis for making the assumptions underlying its appraisal report.

39. The Proxy fails to disclose the terms of Milliman's engagement. Specifically, the Proxy must disclose: (i) the fees Milliman has received or will receive; (ii) the amount of Milliman's fee that is contingent on the consummation of the Proposed Merger; and (iii) whether

Milliman has performed past services for any parties to the Merger Agreement or their affiliates; if so, the timing and nature of the services and the fees received by Milliman for providing the services.

40. The Proxy fails to disclose the timing and nature of all communications regarding the future employment and directorship of FBL Financial's officers and directors.

41. The Proxy fails to disclose how the Special Committee determined that, "on a preliminary basis, it was expecting to value the Company at an equity valuation supporting an offer price 'in the mid $50's' per common share."

42. If disclosed, the omitted information would significantly alter the total mix of information available to FBL Financial's stockholders.

## COUNT I

**Claim Against the Individual Defendants and FBL Financial for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

45. FBL Financial is liable as the issuer of these statements.

46. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

47. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

48. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

49. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

50. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

51. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

52. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

53. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of FBL Financial within the meaning of Section 20(a) of the Exchange Act as alleged herein.

55. Due to their positions as officers and/or directors of FBL Financial and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

58. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

59. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

60. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

61. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

62. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 16, 2021

**GRABAR LAW OFFICE**

By: *Joshua H. Grabar*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*